**UNITED STATES COURT OF APPEALS**
**for the Fifth Circuit**

_____

No. 95-20117
_____

CARL JOHNSON,

Petitioner-Appellant,

VERSUS

WAYNE SCOTT, DIRECTOR
TEXAS DEPARTMENT OF CRIMINAL JUSTICE,
INSTITUTIONAL DIVISION,

Respondent-Appellee.

_____

Appeal from the United States District Court
for the Southern District of Texas
(93 CV 4108)
_____
September 12, 1995

Before DAVIS, JONES, and DUHÉ, Circuit Judges.

DUHÉ, Circuit Judge:[1]

Carl Johnson was found guilty of capital murder and is
sentenced to be executed on September 19, 1995.  Adopting the
Memorandum and Recommendation of the magistrate judge, the
district court denied Johnson's petition for habeas relief and
certificate of probable cause (CPC) and granted the Respondent's
motion for summary judgment.  No express request for CPC having
been filed in this Court, the notice of appeal is deemed to

_____

[1]  Local Rule 47.5 provides:  "The publication of opinions that
have no precedential value and merely decide particular cases on
the basis of well-settled principles of law imposes needless
expense on the public and burdens on the legal profession."
Pursuant to that Rule, the Court has determined that this opinion
should not be published.

constitute a request for CPC in accordance with Federal Rules of Appellate Procedure 22(b).

Unless CPC is granted, this Court lacks jurisdiction to hear this appeal.[2]  Black v. Collins, 962 F.2d 394, 398 (5th Cir.), cert. denied, 504 U.S. 992 (1992).  The standard for granting CPC is whether Johnson has made a substantial showing of the denial of a federal right.  Barefoot v. Estelle, 463 U.S. 880, 893 (1983); Rault v. Butler, 826 F.2d 299, 302 (5th Cir.), cert. denied, 483 U.S. 1042 (1987).  That is, he must "demonstrate that the issues are debatable among jurists of reason; that a court *could* resolve the issues [in a different manner]; or that the questions are 'adequate to deserve encouragement to proceed further.'"  Barefoot, 463 U.S. at 893 n.4 (alteration in original) (quoting Gorden v. Willis, 516 F. Supp. 911, 913 (N.D. Ga. 1980)); accord Black v. Collins, 962 F.2d at 399.

---

[2]  Petitioner questions whether the notice of appeal, filed February 22, 1995, is timely in view of the various filings following the district court's order of September 22, 1994 granting the state's motion for summary judgment.  That order preserved the stay of execution in effect contingent on Johnson's perfecting an appeal.  The district court's final judgment provided that even if appeal were taken, a stay would remain in effect until vacated by this Court or the Supreme Court.

Respondent then filed a post-judgment motion pursuant to Federal Rule of Civil Procedure Rule 59(e) requesting that the Court lift the stay of execution.  A timely Rule 59 motion has the effect of extending the time to appeal, so that it begins to run upon disposition of the post-judgment motion.  See Fed. R. App. P. 4(a)(4).  On January 25, 1995, the district court entered an order which vacated the stay.  This order has the effect of granting Respondent's Rule 59(e) motion.  The February 22 notice of appeal was within 30 days of entry of the January 25 order disposing of the motion.  Accordingly, the notice of appeal is timely.  See Fed. R. App. P. 4(a).

We conclude that Johnson does not meet the standard with regard to any of the issues advanced.

I.

Johnson first claims that the sentencing jury was precluded from giving effect to mitigating evidence in violation of Penry v. Lynaugh.[3] Johnson argues that the trial court's improper exclusion of the testimony of the Reverend Shelby Brown precluded the jury from considering all relevant mitigating evidence.

On direct appeal, the Texas Court of Criminal Appeals found that Johnson's trial counsel did not object to the exclusion of Brown's testimony and did not attempt to reoffer it during the sentencing hearing so that the jury could consider its alleged mitigating value. See Johnson v. State, 629 S.W.2d 731, 735 (Tex. Crim. App. 1981). Without a timely objection, habeas relief is unavailable absent a showing of cause and prejudice. Engle v. Isaac, 456 U.S. 107, 129 (1982). As the magistrate judge concluded, Johnson fails to show cause and prejudice to avoid the bar of procedural default.[4]

Johnson contends that the district court improperly applied the procedural bar and argues that there is no independent and

---

[3]  492 U.S. 302 (1989).

[4]  Johnson v. Scott, No. H-93-4108, Mem. & Recommendation of magistrate judge at 13 (S.D. Tex Mar. 2, 1994) [hereinafter Recommendation]; see also Johnson v. Scott, No. H-93-4108, slip op. at 9 (S.D. Tex. Sept. 22, 1994) [hereinafter Order] (agreeing with magistrate judge's analysis). In view of the thorough analyses of the arguments by both the district court in the Order and by the magistrate judge in the Recommendation, we have provided references to these documents in order to avoid repetition and facilitate review.

adequate state basis for denying relief by pointing to inconsistencies in the Texas court's application of rules governing the incompetency of witnesses. The procedural default occurs by virtue of Texas' contemporaneous objection rule, not the witness competency rules. Johnson does not dispute the regularity of Texas courts' application of the contemporaneous objection rule.

We agree with the magistrate judge, alternatively, that the testimony was properly excluded because the witness's opinion was based on personal knowledge, yet was presented solely to establish Johnson's reputation in the community. See Recommendation at 13-14. Testimony regarding a defendant's reputation in the community cannot be relevant unless the witness is familiar with the defendant's reputation in the community. Johnson v. State, 629 S.W.2d at 735; Patrick v. State, 243 S.W.2d 707, 708 (Tex. Crim. App. 1951).

Finally, we agree with Respondent that, assuming a constitutional violation, Johnson is not entitled to habeas relief unless he was prejudiced by those errors. See Brecht v. Abrahamson, 113 S. Ct. 1710, 1722 (1993). Johnson cannot show prejudice from the exclusion of Brown's testimony because, in its most favorable light, the testimony amounts to "good character" evidence from a witness who had very limited contact with Johnson. Johnson has not established that this evidence could overcome the prosecution's evidence of Johnson's future dangerousness. This claim cannot support the granting of CPC.

4

II.

In an additional <u>Penry</u> argument, Johnson contends that the jury was precluded from giving mitigating effect to evidence by the response of the trial court to a jury note.  During deliberations at the punishment phase, the jury asked, "Can we consider rehabilitation in determining the answer to the second charge?"  The second charge relates to future dangerousness and asks "whether there is a probability that the defendant would commit criminal acts of violence that would constitute a continuing threat to society."  Texas Code Crim. Proc. Ann. art. 37.071(b)(2) (West 1981) (amended 1991).  The trial court responded, "I can only refer you to the evidence you heard and the charge of the court."  We agree with the district court and Respondent that Johnson's failure to object contemporaneously to the trial court's response bars federal habeas review of this claim absent a showing of cause and prejudice.  Order at 16; Recommendation at 22; <u>see</u> <u>Smith v. Murray</u>, 477 U.S. 527, 533 (1986).[5]

_____

[5]  Johnson's additional argument under <u>Simmons v. South Carolina</u>, 114 S. Ct. 2187 (1994), is unavailing.  In that case, the jury asked the judge, "Does the imposition of a life sentence carry with it the possibility of parole?"  <u>Id.</u> at 2192.  The judge responded by instructing the jury to ignore the possibility of parole and to interpret the term "life imprisonment" in its plain and ordinary meaning.  <u>Id.</u>  The <u>Simmons</u> instruction was confusing in that it "actually suggested that parole was available but that the jury, for some unstated reason, should be blind to this fact."  114 S. Ct. at 2197.  In this case, there is no suggestion that the trial court's response misled the jury or limited the jury's consideration of rehabilitation.  The trial court refocused the jury's attention on the instructions given and on the wording of the second special issue itself, to which evidence of capacity for rehabilitation is obviously relevant.  Thus, <u>Simmons</u> is distinguishable.

III.

In another argument under Penry, Johnson contends that the structure of the Texas death penalty scheme chilled his attorney's investigation and presentation of mitigating evidence because of the potential aggravating effect of much of the evidence. With his petition for habeas corpus, Johnson submitted affidavits regarding several potentially mitigating circumstances such as Johnson's troubled family background and drug addiction. Johnson's chilling claim does not provide a basis for relief under the federal constitution. The district court properly rejected this claim as foreclosed by May v. Collins, 904 F.2d 228, 232 (5th Cir. 1990) ("[A] defendant's deliberate failure 'to introduce mitigating evidence as a tactical decision . . . does not come within the requirements announced in Penry.'") (quoting DeLuna v. Lynaugh, 890 F.2d 720, 722 (5th Cir. 1989)), cert. denied, 498 U.S. 1055 (1991). See Order at 14-15; see also Recommendation at 19-20.

IV.

Johnson next claims that there is insufficient evidence of future dangerousness to support the jury's affirmative answer to the second charge. Johnson complains that he is to be executed for a crime indistinguishable from crimes committed by others who have had their death sentences overturned.

Johnson is not entitled to a comparative proportionality review of his death sentence. Pulley v. Harris, 465 U.S. 37, 45-51 (1984). Assuming, without deciding, that appellate review of the sufficiency of the evidence supporting the special issues is

6

constitutionally required, we find significant evidence demonstrating the probability that Johnson would commit criminal acts of violence that would constitute a continuing threat to society. We agree with the magistrate judge in this regard. <u>See</u> Recommendation at 27-28; <u>see also</u> Order at 18-20. This claim cannot support the grant of CPC.

V.

Petitioner argues that prospective jurors were improperly excluded on the basis of their views concerning the death penalty in violation of <u>Witherspoon v. Illinois</u>[6] and <u>Batson v. Kentucky</u>.[7] As the district court noted, Johnson did not object to the State's challenges for cause with respect to some of the venire members. Without a timely objection, habeas relief is unavailable absent a showing of cause and prejudice.[8] <u>See generally</u> Order at 21-22; Recommendation at 32.

Johnson's related argument that the prosecutor improperly used peremptory strikes to excuse venire members based on their views of the death penalty is also procedurally barred and meritless, <u>see generally</u> Recommendation at 33-34, because of Johnson's failure to object to the state's use of peremptory strikes. The claim is meritless because <u>Batson</u> does not apply in the context of a juror's attitude towards the death penalty. <u>See</u> <u>Brown v. North Carolina</u>,

---

[6] 391 U.S. 510 (1968).

[7] 476 U.S. 79 (1986).

[8] Additionally, the magistrate judge examined the circumstances surrounding the exclusion of each juror and found that the prospective jurors were excludable. <u>See</u> Recommendation at 32-33.

7

479 U.S. 940, 941 (1986) ("<u>Batson</u> does not touch, indeed, it clearly reaffirms the ordinary rule that a prosecutor may exercise his peremptory strikes for any reason at all.") (O'Connor, J., concurring in denial of petition for certiorari) (citation omitted). "Permitting prosecutors to take into account concerns expressed about capital punishment by prospective jurors in exercising peremptory challenges simply does not implicate the concerns expressed in <u>Witherspoon</u>." <u>Id.</u>; <u>see also</u> <u>Gray v. Mississippi</u>, 481 U.S. 648, 667-68 (1987) (noting that such use of peremptory challenges is common).

## VI.

Johnson next contends that his death sentence is based on erroneous, unreliable, and inflammatory evidence of an unadjudicated prior offense. The state introduced evidence of an unadjudicated robbery committed immediately prior to his arrest. This argument is procedurally barred for the failure of Johnson to object to the admission of the evidence.

Petitioner's complaint that the trial court did not instruct the jury with respect to the standard of proof regarding this evidence is also procedurally barred for his failure to request such an instruction. Johnson having failed to show cause or prejudice for failure to raise this claim in a proper manner, the court correctly barred federal habeas review. We agree with the district court's analysis. <u>See</u> <u>generally</u> Order at 20;

8

Recommendation at 30. The claims cannot support the granting of CPC.[9]

## VII.

Johnson finally contends that he received ineffective assistance of counsel at trial and on direct appeal. A defendant must show that counsel's performance was deficient and that the deficient performance prejudiced the defense. <u>Strickland v. Washington</u>, 466 U.S. 668, 688-91 (1984). Johnson complains of his counsel's failure to object to the trial court's exclusion of Brown's testimony and to the trial court's response to the jury note, and to the failure of his counsel to investigate and present mitigating evidence. The district court concluded that Johnson failed to show how failure to object to the evidentiary ruling constituted deficient performance because Brown was not competent to testify regarding Johnson's reputation. Counsel is not deficient for failing to take action or make requests that are unsupported by the law.[10] <u>See</u> <u>McCoy v. Lynaugh</u>, 874 F.2d 954, 963

_____

[9] Additionally, we agree with the trial court that the claims are meritless. Order at 20-21; Recommendation at 28-29. Johnson has not shown that the Constitution bars the admission of unadjudicated offense evidence based on its alleged unreliability. The presence of Johnson's fingerprints on the eyeglasses of the robbery victim belies his argument that the evidence was not factually reliable. Johnson has not shown that the admission of this evidence "had substantial and injurious effect or influence in determining the jury's verdict." <u>Brecht v. Abrahamson</u>, 113 S. Ct. at 1722.

[10] Johnson's claim concerning his counsel's failure to object also fails for lack of prejudice. Brown's testimony would not have swayed the jury on the issue of Johnson's future dangerousness. <u>See</u> <u>supra</u> Part I.

(5th Cir. 1989).  Similarly, with regard to the response to the jury note, counsel was not deficient in failing to object, because the judge's answer was neutral.  <u>Id.</u>  Finally, as to the mitigating evidence, we agree with the district court that this claim lacks merit because of the evidence that Petitioner failed to cooperate, obstructing his attorney's ability to investigate and develop mitigating evidence.  <u>See</u> Order at 24; Recommendation at 19-20, 44-46.  Johnson has failed to show that his attorney's performance during trial was deficient or that he was prejudiced as required under <u>Strickland</u>.

In accordance with the foregoing, we deny Johnson's application for CPC and dismiss the appeal.

CPC DENIED, appeal DISMISSED.